UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LINDA ANNE LAVERDIERE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:10-cv-00112-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

The Social Security Administration found that Linda Anne Laverdiere has severe

impairments consisting of asthma and hearing loss, but retains the functional capacity to perform

her past relevant work. These findings resulted in a denial of Laverdiere's applications for

disability insurance and supplemental security income under Title II and Title XVI of the Social

Security Act. Laverdiere commenced this civil action to obtain judicial review of the final

administrative decision, alleging error in the Judge's conclusion that depression would have no

more than a minimal effect on Laverdiere's ability to work. I recommend that the Court affirm

the administrative decision.

**Standard of Review**

The standard of review is whether substantial evidence supports the Commissioner's

findings. 42 U.S.C. §§ 405(g), 1383(c)(3); Manso-Pizarro v. Sec'y of Health & Human Servs.,

76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence is evidence that a reasonable mind might

accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971);

Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's

findings of fact are conclusive when supported by substantial evidence, but they are not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

### The Administrative Findings

The Commissioner's final decision is the November 6, 2009, decision of Administrative Law Judge John Edwards because the Decision Review Board selected the decision for review, but did not complete its review in the time allowed. (Docs. Related to Admin. Process, Doc. No. 5-2, R. 1, 9-19.[1])

At step 1 of the sequential evaluation process, the Judge found that Laverdiere meets the insured status requirements of Title II through September 30, 2013, and has only engaged in part-time work—not substantial gainful activity—since March 15, 2006, the amended date of alleged onset of disability. (R. 12, ¶¶ 1 & 2.)

At step 2, the Judge found that Laverdiere's alleged impairments of asthma and hearing loss are severe for purposes of Step 2, but that other impairments in the record are non-severe, including mental health concerns. (R. 12-13, ¶ 3.)

At step 3, the Judge found that this combination of impairments would not meet or equal any listing in the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P. (R. 14, ¶ 4.)

Preliminary to steps 4 and 5, the Judge found that Laverdiere's combined impairments result in the following residual functional capacities and limitations: a full-range of work at all exertional levels, with no postural, manipulative, or sight limitation; no loud environments; no concentrated exposure to extreme heat, or exposure to cold, wetness, humidity, or pulmonary irritants such as dusts, gases, fumes, odors; and no work environments with poor ventilation.

---

[1]    The Commissioner has consecutively paginated the entire administrative record ("R."), which has been filed on the Court's electronic docket in a series of attachments to docket entry 5.

(R. 14, ¶ 5.)

At step 4, the Judge found that this degree of limitation would not prevent Laverdiere

from performing past relevant work as a case aide and general office clerk.  (R. 18, ¶ 6.)  For this

reason, the Judge found that Laverdiere was not under a disability, as defined in the Social

Security Act, since the amended date of disability onset through the date of his decision.  (R. 18,

¶ 7.)

### Discussion of Plaintiff's Statement of Errors

Laverdiere argues that the Judge erred in his residual functional capacity finding by

failing to account for depression as a severe impairment and failing to give controlling weight to

the opinions of Dr. Phelps and FNP Bilodeau concerning her mental limitations.  (Statement of

Errors at 1-5 (step 2), 6 (RFC).)  Laverdiere does not press any challenge to the Judge's residual

functional capacity finding insofar as physical limitations are concerned.  The Judge found at

step 2 that the objective medical evidence failed to demonstrate the existence of a work-related

mental limitation secondary to depression.

At step 2, the Commissioner must consider the severity of a claimant's impairments and it

is the claimant's burden to prove the existence of a severe, medically determinable, physical or

mental impairment, or severe combination of impairments, that meets the durational requirement

of the Social Security Act.   20 C.F.R. § 416.920(a)(4)(ii).  The durational requirement is not at

issue in this case, only the severity requirement.  The burden of demonstrating severity is a *de*

*minimis* burden, designed to screen out groundless claims.  McDonald v. Sec'y of Health &

Human Servs., 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an

impairment, the Commissioner may make a determination at step 2 that the impairment is not

severe only when the medical evidence "establishes only a slight abnormality or combination of

slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Id. at 1124 (quoting Social Security Ruling 85-28). At step 2, only medical evidence may be used to support a finding that an impairment is severe. 20 C.F.R. §§ 404.1528, 416.928.

In this case, Disability Determination Services referred Laverdiere's records to consulting psychologists on three occasions. All three consultants who reviewed Laverdiere's medical records completed psychiatric review techniques (PRTs) and found Laverdiere's medical records insufficient to demonstrate the presence of more than a minimal degree of vocational impairment. (David Houston, Ph.D., July 2007 PRT, Ex. 8F, Doc. No. 5-7; Lewis Lester, Ph.D., Sept. 2008 PRT, Ex. 16F, Doc. No. 5-8; Peter Allen, Ph.D., Feb. 2009 PRT, Ex. 20F, Doc. No. 5-10.) The latter two PRTs incorporate the findings of Gary Rasmussen, Ph.D., who performed a mental status examination on behalf of Disability Determination Services, in September 2008. Dr. Rasmussen noted depression associated with grief and feelings of hopelessness, but otherwise found that Laverdiere was capable, with intact insight, judgment and concentration, and a minimal deficit in short-term retrieval after proactive inhibition consisting of the performance of several tasks prior to recall. Dr. Rasmussen opined that Laverdiere can effectively communicate, understand and follow instructions (including complex instructions), concentrate, and interact appropriately with supervisors, coworkers, and the public. (Ex. 14F, Doc. No. 5-7.)

In opposition to these opinions is the opinion of Dr. Roger Phelps, Psy.D., who supplied a medical source statement in October 2009 stating that Laverdiere can perform adequately for only a limited amount of time because she lacks the mental/emotional endurance to sustain mental functioning on a full-time basis. (Ex. 24F, Doc. No. 5-10.) In a letter dated September

17, 2009, Dr. Phelps explained that he had treated Laverdiere since the spring of 2006 during periods in which Laverdiere experienced "protracted depression of more palpable proportions." (Ex. 23F, Doc. No. 5-10, R. 610.) Dr. Phelps described a patient considerably worn down by grief and loss associated with significant family troubles and stated that Laverdiere "has been functioning marginally for the past few years and has gotten by with help from friends and family by the skin of her teeth." (Id.) In his view, Laverdiere lacks the capacity to work more than 15 hours per week. (Id.) Consistent with this assessment is a medical source statement (physical) from a nurse practitioner who recommended a finding of disability "based on prolonged depression and inability to earn a living due to emotional/physical exhaustion." (Donna Bilodeau, FNP, Oct. 2009 Med. Source Statement, Ex. 25F, Doc. No. 5-10.)

In his decision, Judge Edwards indicated that he understood Laverdiere's claim to be that she no longer has the energy or stamina to work eight-hour days, forty hours per week. On this question, the Judge found that the record did not include any objective medical evidence to corroborate the claim and that it ultimately depended on Laverdiere's presentation concerning her subjective symptoms. (R. 16.) The Judge concluded that Laverdiere's subjective report of limitation was overstated in light of a wide range of activities of daily living, including a full-range of household activities, an active social life, and an ability to pursue vocational training in grief counseling and hospice work, all while working on a part-time basis and performing additional volunteer work. The Judge noted that this level of functioning had not prevented Laverdiere from demonstrating good attention, communication, concentration, cognition, and social skills upon examination. (Id.)

Building on this credibility assessment, the Judge gave greater weight to the PRT findings of the non-treating psychologists than he gave to the opinions expressed by the

treatment providers. He regarded the former as more consistent with the entire record and the latter as unsupported by contemporaneous treatment records and dependent entirely on Laverdiere's self reports and similar statements from her sister. (R. 17.) Laverdiere argues that Dr. Phelps's source statement is objective medical evidence of severe impairment and must be treated as such by the Commissioner. I agree with Laverdiere that Dr. Phelps's source statement and letter and NP Bilodeau's source statement demonstrate, undisputedly, the existence of a medically determinable impairment that could reasonably be expected to produce Laverdiere's allegedly severe limitations. See 20 C.F.R. §§ 404.1529, 416.929. However, I am not persuaded that these records conclusively demonstrate a severe degree of impairment. Instead, they present an issue of how to evaluate Laverdiere's credibility and weigh competing expert testimony. The Commissioner's regulations do not prevent this analysis from supporting a negative finding at step 2, even though the discussion, as in this case, is set out in the judge's residual functional capacity discussion.

Laverdiere argues that the Judge gave only boilerplate justifications for not giving controlling weight to Dr. Phelps's opinion. The Commissioner's regulations promise that controlling weight will be given to the opinion of a treatment provider, "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." Id. §§ 404.1527(d)(2), 416.927(d)(2). Laverdiere makes a good point that Dr. Phelps's opinion is not weakened, necessarily, by the fact that he credits the reports of Laverdiere and her sister, or by the fact that Dr. Phelps's opinion is not supported with contemporaneous treatment or progress notes. See Soto-Cedeno v. Astrue, 380 Fed. Appx. 1, 3 (1st Cir. June 29, 2010) (not for publ'n). However,

the Judge also observed that Laverdiere is able to perform a considerable degree of daily activities in both the home and the community, while working part time, volunteering, and doing what she can to assist more needy family members.  Compare id. at 4 (explaining that a claimant's ability to watch TV does not undermine her psychologist's opinion that she cannot work full time).  This credibility assessment and the opinions of the consulting medical experts are substantial evidence in support of the Judge's finding.

Fatigue and exhaustion at Laverdiere's age (early 60s) are certainly understandable byproducts of a life marked with difficult trials and tribulations.  It is certainly reasonable to assume that Laverdiere would want to direct her limited energies towards projects and/or obligations other than full-time work.  However, "issues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the [Commissioner]."  Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965);  see also SSR 96-7p ("[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.").  The Court cannot overturn that finding just because it might draw different inferences from the record.  Ortiz v. Sec'y of Health & Human Servs., 955 F.2 d 765, 769 (1st Cir. 1991).  Although Laverdiere's counsel and care providers have made a sympathetic presentation for her, I do not recommend a remand in this case because a reasonable mind might accept as adequate the Judge's conclusion that Laverdiere still has the wherewithal to sustain her past relevant work on a full-time basis.

**Conclusion**

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court

AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 11, 2011